**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4597**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEYON D. NELSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00200-HEH-1)

Submitted:  August 25, 2016      Decided:  September 26, 2016

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Mary E. Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keyon D. Nelson appeals the district court's order sentencing him to 30 months' imprisonment upon revocation of his supervised release. Nelson contends that his sentence is plainly unreasonable. Finding no error, we affirm.

We review sentences imposed upon revocation of supervised release to determine whether they "fall[] outside the statutory maximum" or are "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 494 (2015). "We first decide whether the sentence is unreasonable[,] . . . follow[ing] generally the procedural and substantive considerations that we employ in [our] review of original sentences . . . ." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Padgett, 788 F.3d at 373.

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable 18 U.S.C. § 3553(a) (2012) factors. Padgett, 788 F.3d at 373; see 18 U.S.C. § 3583(e) (2012). The court must provide an adequate statement of reasons for the revocation sentence it imposes, but this statement need not be as specific or as detailed as that required in imposing an original sentence. United States v.

2

Thompson, 595 F.3d 544, 547 (4th Cir. 2010); see United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013) ("[M]ere reference to [factors omitted from § 3583(e)] does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors."). A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440; see 18 U.S.C. §§ 3553(a), 3583(e). However, "the sentencing court retains broad discretion to . . . impose a term of imprisonment up to the statutory maximum." Padgett, 788 F.3d at 373 (internal quotation marks omitted).

Our review of the record reveals no procedural or substantive error by the district court. The court's passing reference to the need to provide just punishment, in the context of the court's reasoning as a whole, does not render the sentence plainly unreasonable. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3